IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        **Case No. 00-40104-01-RDR**

WILLIAM LEONARD PICKARD
and CLYDE APPERSON,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is presently before the court upon the following motions: (1) defendants' Rule 60(b) motion to correct defects in the district court proceedings concerning unaddressed claims and uncontested motions (Doc. # 637); and (2) defendants' Rule 60(b)(2) and 60(b)(3) motions based on newly discovered evidence (Doc. # 639).[1] Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

The defendants were convicted of conspiracy to manufacture

---

[1] The defendants have recently filed a pleading entitled, "Motion Regarding Uncontested Motion (Doc. 639)." In this motion, defendants contend that the court should grant their Rule 60(b) motion (Doc. # 639) because the government has failed to properly respond to it. They suggest that the response filed by the government did not adequately address the issues they raised in the motion. Therefore, they contend that the court should grant it as uncontested. We disagree. The government has adequately responded to the motion. The government has argued that the issues raised by the defendants in Doc. # 639 cannot be considered under Rule 60(b) and must be viewed as a second or successive motion under 28 U.S.C. § 2255. This is an entirely proper response. The defendants' contention is frivolous. Accordingly, this motion shall be denied.

lysergic acid diethylamide (LSD) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of possession with intent to distribute LSD in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Apperson was sentenced to thirty years' imprisonment, and Pickard received a life sentence. See United States v. Pickard, 298 F.Supp.2d 1140 (D.Kan. 2003); United States v. Apperson, 298 F.Supp.2d 1149 (D.Kan. 2003). The convictions and sentences were affirmed by the Tenth Circuit. United States v. Apperson, 441 F.3d 1162 (10th Cir. 2006), cert. denied, 549 U.S. 1117 (2007) and 549 U.S. 1150 (2007). The defendants then filed motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. These motions were denied on April 6, 2009. United States v. Pickard, 2009 WL 939050 (D.Kan. 2009). The defendants then filed notices of appeal. On July 2, 2009, this court denied defendants' motions for certificates of appealability. The defendants subsequently filed the motions noted above as Doc. ## 637 and 639 on April 5, 2010. Given the pending § 2255 motions, the court declined to consider any of these matters. On October 5, 2010, the Tenth Circuit denied defendants' certificate of appealability on their § 2255 motions and dismissed their appeals. United States v. Pickard, 2010 WL 3862877 (10th Cir. 2010).

In the first Rule 60(b) motion [Doc. # 637], defendants raise six arguments. In the first five arguments, the defendants contend, based upon Rules 60(b)(4) and (b)(6), that the court

2

failed to do the following in considering their prior § 2255 motions: (1) address certain Brady claims; (2) address individually certain prosecutorial misconduct claims; (3) address whether "good cause" existed for certain discovery requests; (4) apply the two-step materiality analysis required by Kyles v. Whitley, 514 U.S. 419 (1995); and (5) properly consider two motions where the government did not file responses.  In the sixth argument, the defendants assert that the court should consider the previously "unaddressed Brady and prosecutorial misconduct claims" in light of the recently discovered evidence described in the other Rule 60(b) motion [Doc. # 639].  In the second Rule 60(b) motion [Doc. # 639], the defendants contend, based upon Rules 60(b)(2) and (3), that the court should (1) consider newly discovered evidence of undisclosed FBI and IRS records; and (2) determine if the government committed fraud, misrepresentation or misconduct concerning the aforementioned records.

The government has responded that the first five arguments raised by the defendants in Doc. # 637 can properly be considered under Rule 60(b).  It, however, contends that each argument is either moot or lacks merit.  The government asserts that the final argument in Doc. # 637 and the arguments contained in Doc. # 639 are second or successive § 2255 claims and cannot be considered under Rule 60(b).

Federal Rule of Civil Procedure 60(b) provides that "[o]n

3

motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Congress, in the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), placed various restrictions on habeas petitions. Second or successive habeas petitions may proceed only in specified circumstances and only with a circuit court's prior authorization. See 28 U.S.C. §§ 2244(b), 2255(h). In Gonzales v.Crosby, 545 U.S. 524 (2005), the Supreme Court provided guidance on the interplay between Fed.R.Civ.P. 60(b) and the AEDPA rules on second or successive motions under 28 U.S.C. § 2254. The Gonzales analysis has been applied to § 2255 proceedings as well. United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006).

A Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the

4

merits." Gonzales, 545 U.S. at 532. The Supreme Court defined "claim" as "an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. The Court defined "on the merits" as "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." Id. at 532 n. 4. The Court clarified that

> [w]hen a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Id.

In Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006), the Tenth Circuit summarized Gonzales as follows:

> Under Gonzalez, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Based on the foregoing framework, the court in this case must first assure itself that it has subject matter jurisdiction over each of defendants' claims by examining each of defendants' contentions and determining whether each is, in effect, a habeas claim or an allegation regarding a defect in the integrity of the

5

federal habeas proceedings. Even if one or more of defendants' allegations does constitute a proper Rule 60(b) claim, however, defendants must still demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." Gonzales, 545 U.S. at 534.

In the present motions, the defendants appear to allege both procedural and substantive errors in this court's denial of their § 2255 motions. As correctly pointed out by the government, the first five arguments contained in Doc. # 637 fall within the scope of a Rule 60(b) motion. These are allegations of "defect in the integrity of the federal habeas proceedings" rather than the "substance of the federal court's resolution of a claim on the merits," and should not be converted into a second or successive habeas petition. See id. at 532.

Nevertheless, the court finds that defendants are not entitled to any relief under Rule 60(b) for these allegations because they either lack merit or are moot. The court shall initially turn to defendants' contention that this court failed to make an individualized assessment of certain Brady claims and prosecutorial misconduct claims in their original § 2255 motions. The court wants to make clear that it carefully considered each of the Brady and prosecutorial misconduct claims made by the defendants. However, the court simply determined that the matters noted by the

6

defendants did not rise to the level of a Brady violation or a due process violation because they were immaterial and the defendants received a fair trial. The court found it unnecessary to examine each item individually because the overall assessment would have been unchanged. The Tenth Circuit, in denying the defendants' certificate of appealability, noted that it was "not persuaded that the district court failed to address any of [defendants'] claims." Moreover, the Court concluded: "With regard to the issues the district court denied on the merits, [defendants] have not demonstrated a reasonable probability that the outcome would have been different if they had been provided with more impeachment evidence." In sum, the court finds that these issues are either moot, as correctly argued by the government, or are without merit.

The court next turns to the third ground for relief argued by the defendants. The defendants contend that the court failed to address whether "good cause" existed for each discovery request they made concerning their claim of prosecutorial misconduct. Again, the court finds that this claim lacks merit because the court did consider all of defendant's prosecutorial misconduct allegations in considering their discovery requests. The court stated:

> Having considered all of the materials provided to the court, the court is not persuaded that the defendants have demonstrated that they are entitled to the discovery they have sought. The court does not believe that the defendants have shown good cause for the discovery of these materials, in light of the aforementioned

7

> discussion on their Brady/Giglio claim. Petitioners have not shown that, if the facts are fully developed on their claims, they may be able to demonstrate they are entitled to relief. They, therefore, have not shown good cause for discovery. See Bracy [v.Gramley], 520 U.S. [899] at 908-09 [(1997)]; Wallace v. Ward, 191 F.3d 1235, 1245 (10th Cir. 1999), cert. denied, 530 U.S. 1216 (2000).

Pickard, 2009 WL 939050, at *19.

Moreover, the court finds that this claim is moot because the court has determined that defendants' prosecutorial misconduct claims were without merit and were moot due to the Tenth Circuit's decision on the defendants' application for certificate of appealability.

The defendants next argue that the court failed to apply the two-step materiality analysis set forth in Kyles in considering their Brady and prosecutorial misconduct claims. Again, the court finds no merit to this contention. The court again notes it found that the Brady and prosecutorial misconduct claims were cumulatively immaterial. The court applied Kyles in its opinion, but found that the defendants had received a fair trial. The court finds no error on this issue in the § 2255 order.

The defendants also contend that the court failed to properly consider two motions where the government failed to file responses. Some background is necessary on this issue. Following the issuance of the court's order on the defendants' § 2255 motions, the defendants filed a motion to expand the record and a motion for disclosure of limited FBI records. Before the court could timely

8

consider these motions, the defendants filed notices of appeal. The filing of the appeals divested this court of jurisdiction. Thus, this court's lack of jurisdiction rendered a response by the government unnecessary. The Tenth Circuit recognized this principle in its order denying defendants' certificate of appealability. Recently, following the Tenth Circuit's denial of the certificate of appealability, the court denied these motions as moot. Thus, this contention clearly lacks merit and is also moot.

With these decisions, the court shall finally consider the remaining contention in Doc. # 637 and the allegations raised in Doc. # 639. The arguments are overlapping. The defendants contend in Doc. # 639 that the court should consider (1) newly discovered evidence of undisclosed FBI and IRS records; and (2) determine if the government committed fraud, misrepresentation or misconduct concerning the aforementioned records. In his sixth argument in Doc. # 637, the defendant asserts that the court should consider the previously "unaddressed Brady and prosecutorial misconduct claims" in light of the recently discovered evidence described in his other Rule 60(b) motion [Doc. # 639].

The remaining allegation contained in Doc. # 637 and the entirety of the allegations in Doc. # 639 clearly invite further review of the substantive habeas claims already decided on the merits and, thus, must be treated as a second or successive habeas petition requiring authorization by the Tenth Circuit Court of

9

Appeals, 28 U.S.C. § 2244(b)(3). Absent such authorization, this court has no jurisdiction to consider such claims. <u>Spitznas</u>, 464 F.3d at 1216-17. In the circumstances presented here, where some allegations are properly considered under Rule 60(b) and others are subject to treatment as second or successive § 2255 claims, the court should consider the Rule 60(b) claims and then transfer the remaining substantive claims to the Tenth Circuit pursuant to 28 U.S.C. § 2244(b)(3). <u>See</u> <u>In re: Clemmons</u>, 279 Fed.Appx. 648, 650-51 (10th Cir. 2008).

In reaching the foregoing conclusions, the court was not persuaded that the recent case from the District of New Jersey, <u>United States v. Pelullo</u>, 2010 WL 2629080(D.N.J. 2010), relied upon by the defendants requires a different result. In <u>Pelullo</u>, the court considered a motion for bail pending disposition of a Rule 60(b) motion. In considering that motion, the court examined whether the defendant's allegations in the Rule 60(b) could properly be decided under Rule 60(b) or constituted claims that needed to be alleged in a second § 2255 motion. <u>Pelullo</u>, 2010 WL 2629080 at * 14. The court concluded, under the particular circumstances of that case, that it possessed jurisdiction to proceed under Rule 60(b). <u>Id</u>. at *15. The defendants have suggested that the circumstances here are similar and this court should apply the reasoning of the judge in <u>Pelullo</u>. We simply cannot agree. Initially, this court notes that it is not bound by

a district court ruling in New Jersey.  Moreover, we do not find the reasoning of Pelullo persuasive.  The court believes it has properly applied the teachings of Gonzales and Spitznas to the Rule 60(b) motion filed by the defendants.

**IT IS THEREFORE ORDERED** that defendants' Rule 60(b) motion to correct defects in the district court proceedings concerning unaddressed claims and uncontested motions (Doc. # 637) be hereby denied on the first five grounds for relief.

**IT IS FURTHER ORDERED** that defendants' Rule 60(b) motion to correct defects in the district court proceedings concerning unaddressed claims and uncontested motions (Doc. # 637) be hereby transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for consideration of the sixth ground for relief.

**IT IS FURTHER ORDERED**  that defendants' motion regarding uncontested motion (Doc. # 652) be hereby denied.

**IT IS FURTHER ORDERED**  that defendants' Rule 60(b)(2) and 60(b)(3) motions based on newly discovery evidence (Doc. # 639) be hereby transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

Dated this 24th day of January, 2011 at Topeka, Kansas.

                      s/Richard D. Rogers
                      United States District Judge