```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
                         (Topeka Docket)
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos.  00-40104-01-RDR |
| | ) | 00-40104-02-RDR |
| WILLIAM LEONARD PICKARD | ) | |
| | ) | |
| Defendant | ) | |
| v. | ) | |
| | ) | |
| CLYDE APPERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MOTION TO PRODUCE COPY OF CONFIDENTIAL INFORMANT FILE**

**COMES NOW** the Defendants, William L. Pickard and Clyde Apperson, by and through their counsel, William K. Rork - **"RORK LAW OFFICE,"** and in support of this **"MOTION TO PRODUCE...,"** would advise the Court as follows:

**FACTS**

1. On June 4, 2013, this Counsel met in the courtroom of Judge Roger, along with an attorney on his staff and Greg Hough (AUSA) to review the "contents of the confidential informant file".

2. The file is voluminous (at least three hundred pages), containing multiple reports, documents and the like.

3.  This counsel requested a copy of the file, but was told he would need to file a motion with the Court.  Further, AUSA Hough objected to a copy being so provided.

4.  In the two hour period counsel was able to take notes, while reviewing the documents and dividing the work up with another attorney who accompanied him, they were unable to throughly and adequately review said documents in order to determine the content information and/or comparison purposes for the reports or documents which may have been provided at or before trial, herein.  This counsel definitely reviewed many documents he had no recollection of ever viewing previous thereto.

5.  AUSA Hough indicated at time of reviewing the file of the Court, he had instructed SA Nichols to prepare an outline of what he believed should be in the file.  Pat Haley, Esq, had spent time beforehand in making an outline of the documents by date (where available), summary of contents, and number of pages, which he provided to both counsel.  AUSA Hough had earlier in time contacted SA Nichols and directed him to prepare copies of whatever documents Mr. Haley indicated were not within the Court's file.

6.  Both AUSA Hough and this counsel agreed the file should be transmitted to the Tenth Circuit Court of Appeals with the documents existing in the Court file, as well as the

      additional documents SA Nichols believed ought to have been contained therein, so the entire CI file as presently believed to have existed (as per the Government) could be so furnished.

7. AUSA Hough indicated during the review of the file, his recollection of the entire contents having been photocopied and given to this counsel during trial, with counsel having returned said documents at the conclusion thereof.  This counsel has no independent recollection of ever being provided contents of a file this voluminous of documents attributed thereto as the "CI File", and believes neither Pickard or Apperson would have a different recollection.  As the record will reflect during the trial, and in legal submission thereafter, all this counsel was aware of in regards to contents of any "CI File" dealt with a several page CI assessment and three (3) Quarterly Reports, for a total of thirteen (13) or so pages. Never was there any understanding that close to three hundred and twenty-five (325) pages of documents would have been attributed to any "CI File".

8. Regardless, given the passage of time, let alone the length of time just reviewing the voluminous records will require, it is obvious further examination and review of the entire proceedings will need to be undertaken.  Especially review

      of pretrial hearings and all proceedings during trial where the Court was asked to comment upon or rule about the CI File.  Also, this counsel is going to need to compare documents in his possession to see if they are duplicative of any of the "CI File" as now said to have consisted or should have consisted of, with the outline prepared by Mr. Haley, including the separate packet of documents not contained therein, but believed to have been so contained.

9. This counsel was always under the impression that the approximately thirteen (13) pages of contents or any "CI File" were in fact sealed by the Court and then retained for future purposes.  This counsel is unaware of what "Sealed File" may previously have been transmitted to the Tenth Circuit Court of Appeals regarding the direct appeal, but has no reason not believe it did not consist of the contents of the "CI File" as contained either with documents presently attributed to said file, or with the addition of SA Nichols duplicate documents not so reflected therein.  In all events, just another reason and basis for why this counsel should be provided a copy of said documents for such future purposes as may be needed in this proceeding presently awaiting decision, or any supplemental 2255 motion(s), Rule 60 motion(s), or any other pleadings which may be needed or required upon review and comparison

thereafter in this US District Court or the Tenth Circuit Court of Appeals.

**WHEREFORE,** Defendants request this Court grant their request for a copy of the CI File contents, and for any and all such other relief this Court deems appropriate.

                                      Respectfully submitted,

                                      <u>s/William K. Rork</u>
                                      William K. Rork, #10109
                                      1321 S Topeka Blvd
                                      Topeka KS 66612-1816
                                      785.235.1650
                                      785.235.2421(fax)
                                      rork@rorklaw.com
                                      Attorney for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned do hereby certify on the 7th day of June, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties of record.

                                      <u>s/William K. Rork</u>
                                      William K. Rork, #10109
                                      **RORK LAW OFFICE**

<u>**CERTIFICATION OF DIGITAL SUBMISSIONS**</u>

A copy of the foregoing was provided to the above-named recipients in digital format via ECF submission.
Further, all required privacy redactions have been made and, the digital submissions have been scanned for viruses with Symantec Antivirus Program 9.0.0.338, updated continuously and, according to the program, are free of viruses.

                                      <u>s/William K. Rork</u>
                                      William K. Rork #10109
                                      **RORK LAW OFFICE**