UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(TOPEKA DOCKET)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM LEONARD PICKARD, ) | No.  00-40104-01/02-RDR |
|         and ) | |
| CLYDE APPERSON, ) | |
|         Defendants. ) | |
| _____ ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANTS' MOTION TO PRODUCE COPY OF CONFIDENTIAL**
**INFORMANT FILE**

    The United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and Gregory G. Hough, Assistant United States Attorney for said District, respectfully requests that this court enter orders summarily overruling, denying and dismissing the motion to produce copy of confidential informant file filed by the defendants in this.  In support of said request, the United States shows the court as follows:

**A.**   **History**

    Prior to trial testimony in this matter, defendants were given access to the CS file of Gordon Todd Skinner, including the risk assessment.  Counsel were given full

access, but not allowed to make personal copies of the documents. The court had viewed this file *in camera* and made limine rulings regarding the contents of said file. (Doc. 294). During the trial testimony of Karl Nichols, DEA, counsel requested a personal copy of said file. The court relented and ordered that the government make copies for counsel. *Id.* The government complied with the court's order and also provided the court with a copy of said file. (Doc. 295). At the conclusion of those proceedings, at the government's request, the court ordered that defense counsel return their copies of said file, and any copies of the documents in said files that they had made while in their possession, to the government.

The first appearance of the Sealed CS File in this court file appears on March 12, 2001. (Document 72). Pickard filed a motion and memorandum for discovery, inspection, and for disclosure. He requested that the court inspect, *in camera*, all evidence which the government intends to introduce in its case-in-chief, including the CS file. *Id.* at 5. On July 25, 2001, following an *in camera* review, the court found that "nothing which is exculpatory in connection with the charges in this case" was in this file, and that the "review of the material does not persuade us at this point that the DEA file has exculpatory value for the defendant." (Doc. 98).

On August 2, 2001, Pickard filed a motion to make discovery available for photocopying. (Doc. 100). The court granted the motion. (Doc. 109). However, on

April 1, 2002, the court found this motion to be moot. (Doc. 147).

On January 13, 2005, the Government filed a motion to unseal Document 266. (Doc. 527). The court granted the Governments motion to unseal document 266 on January 19, 2005. (Doc. 528).

On May 2, 2008, Pickard a motion to compel production of records previously ordered by the court. (Doc. 571). Pickard alleged that "the court has ordered the Government to produce Skinner's 'CI Assessment' to counsel for petitioner." (Doc. 571 at 1). Pickard further alleged that the CI assessment was temporarily provided to the court for review and was later placed under seal "due to the court's concerns about the parties' disputes over the sufficiency of the records it may or may not have contained." (Doc. 571 at 5). Pickard specifically requested the court to compel the Government to provide his attorney a copy of the CI assessment/confidential Informant File. On May 21, 2008, the court denied the defendant's motion to compel production of records previously ordered by the court. In that order, the court noted that "the defendants are correct that the court did direct the government to produce a copy of the CI assessment of Skinner . . . however, the defendants are incorrect in their statement that they never received a copy of the CI Assessment. The record clearly reflects that copies of the CI Assessment were produced to the attorneys for the defendants . . . . Based upon the record, the court finds that the CI Assessment

was produced by the government and provided to defendants counsel." (Doc. 577 at 2).

On July 12, 2008, defendants filed a renewed motion to compel production of records and correct the record. Defendants argued that they "observe that the documents are wholly inadequate to comply with the court's order and with DOJ and DEA regulations. (Doc. 571)." (Doc. 582 at 1). Defendants requested that the court inspect its copy of the CS Assessment which was sealed by the court, and that the court order the government to submit a corrected risk assessment by providing the court and counsel with Skinner's DEA Form 202 Informant Establishment report; and Skinner's complete NADDIS Index/ Display Record and corresponding FBI records. They specifically asked that the court: inspect the file to confirm the existence of the records and then provide a copy to counsel for defendants; order the government to list exact DEA forms that comprise the CI Assessment; and to provide a copy of DEA regulations concerning CI Assessments. (Doc. 582 at 14). On August 15, 2008, the court issued an order denying the motion. (Doc. 588). The court noted the background for the motion and stated that "the court eventually directed the government to provide a copy to defense counsel, and the government did so. The defendants made no further requests at that time and made no objections to the materials provided." *Id.* at 2-3.

On September 29, 2008, defendants filed a motion for production of OCDETF proposals. (Doc. 595). They requested an *in camera* review of OCDETF proposals. On March 10, 2009, the court ordered *in camera* review of Skinner's FBI file, and that those documents shall be placed under seal and provided to the court immediately. (Doc. 608).

On March 24, 2011, the defendants filed the document that is presently the subject of an appeal to the U.S. Court of Appeals for the Tenth Circuit, Motion to Unseal Documents. (Doc. 657, Def.'s 3/24/11 Mot. to Unseal Docs.) *See* Case Nos. 12-3142, 12-3143, U.S. Court of Appeals for the Tenth Circuit. There, they requested that the district court unseal several documents relating to Skinner, which the district court had sealed during the proceedings. (Doc. 657 at 1.) Specifically, they requested that the district court unseal his (1) "risk assessment file," (2) his "confidential informant file," and (3) various other specified documents. (*Id*. at 1-2.) They claimed entitlement to the relief sought under the First Amendment, the Sixth Amendment, and the common law. (*Id*. at 2.) The government opposed the motion, arguing that the defendants had cited "no legitimate need" for the documents, and that the defendants had not identified any interest that outweighed the interests of the Drug Enforcement Administration in keeping the documents confidential. (Doc. 666, Govt.'s 3/29/11 Resp. to Def.'s Mot. to Unseal at 3.)

On May 9, 2012, the district court denied the defendants' Motion to Unseal Documents. (*See* Doc. 705, Dist. Ct.'s 5/9/12 Order.) First, it noted that it was unaware of any authority giving a right of public access to confidential informant information, and even if such a right existed, "the interests of maintaining confidentiality of information concerning confidential informants outweigh any right of access by the defendants or the public." (*Id*. at 4-5.) Second, the district court observed that the defendants had not "sufficiently demonstrated the need for unsealing these documents," and had "failed to adequately show why the public has any interest in these documents." (*Id*. at 6.) Finally, the district court concluded that any First Amendment right the defendants had in unsealing the documents was "outweighed by the needs of the confidential informant." (*Id*. at 6-7.)

Defendants appealed the court's denial of the aforementioned Motion to Unseal Documents. This appeal was argued at the U.S. Court of Appeals for the Tenth Circuit on May 7, 2013, and taken under advisement. At oral argument before the U.S. Court of Appeals for the Tenth Circuit, the Court indicated their desire to the opportunity to view the "risk assessment file" and the "confidential informant file" of Gordon Todd Skinner. In recognition of this, the district court granted defendants' amended motion to supplement the record on appeal (Doc. 740). *See* Doc. 741. In arriving what, exactly, to transmit to the Tenth Circuit, "The court located Skinner's

confidential informant file, which included the DEA risk assessment sought by the defendants. informed counsel that it was unsure that the file was complete since documents had been removed and replaced during the course of the trial and following trial. The government then contacted the DEA agent who had submitted the file and received an itemization of what should be in the file from him. The court then reviewed the file and determined that most of the documents listed on the itemization were in the court's file.  The government then supplied the documents that were no longer in the file. The court then allowed both attorneys to review the file prior to this order. Upon agreement of counsel, all documents shall be sent to the Tenth Circuit." Doc. 741 at 1-2.  Following the court's order, on June 7, 2013, defendants filed the instant motion, seeking the very documents that are the subject of pending matters before the U.S. Court of Appeals for the Tenth Circuit.

**B.     Analysis.**

No material thing has changed since the court found that it "remain[ed] convinced that information concerning confidential informants should remain private absent a compelling reason" and found "that the defendants have not sufficiently demonstrated the need for unsealing these documents." (Doc. 705 at 6).  The court should reaffirm this order, and summarily overrule, deny and dismiss the instant motion.

Indeed, the defendants' likelihood of success with the Tenth Circuit is non-existent.  First, the defendants do not have standing to bring the pending appeal because they have suffered no injury-in-fact in this case as a result of the district court's refusal to unseal the documents. Rather than arguing that unsealing is necessary to vindicate their own constitutional interests, they vicariously argue that unsealing is necessary to vindicate the public's interest in having them unsealed. Because they do not assert that they have suffered a concrete and particularized invasion of a legally protected interest of their own, they do not have standing to bring this appeal.  Second, their pending appeal is moot because unsealing the documents in this case would have no effect on any live issue in this case. The defendants acknowledge as much, claiming they need to have the documents unsealed so they can refer to them in other cases in other courts. Thus, because the Tenth Circuit cannot fashion any meaningful relief for the defendants in this case by unsealing the documents, this case is moot.  Third, the district court did not abuse its discretion in denying the defendants' Motion to Unseal Documents. The district court permissibly determined that keeping the documents sealed was warranted based on (a) the nature of the information contained in the documents, (b) the defendants' failure to point to any specific information in the documents (not in the public domain), which they needed for use in other proceedings, and (c) the defendants'

failure to adequately show why the public had an interest in the documents. Thus, the court should reaffirm this order, and summarily overrule, deny and dismiss the instant motion.

Finally, the issue of the CS file and the assessment are presently pending at the U.S. Court of Appeals for the Tenth Circuit. This divests the district court of its control over those aspects of the case involved in the appeal. "The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *United States v. Meyers*, 95 F.3d 1475, 1489 n. 6 (10th Cir.1996). Thus, lacking jurisdiction to entertain the instant motion, the district court should dismiss it for lack of jurisdiction

**C.    Conclusion.**

For all of the above-stated reasons, the government respectfully requests that this court enter orders summarily overruling, denying and dismissing the motion to produce copy of confidential informant file filed by the defendants in this.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney


/s/ Gregory G. Hough
Gregory G. Hough, KS. S.Ct. # 12860
Assistant United States Attorney
444 SE Quincy, Room 290
Topeka, KS 66683
(785) 295-2850
Greg.Hough@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

William K. Rork, Attorney for defendants, Rork Law Office, 1321 S. Topeka Blvd., Topeka, KS 66612-1816; rork@rorklaw.com


s/ Gregory G. Hough