IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                  Case No. 00-40104-01, 02-JTM

William Leonard Pickard, Clyde Apperson,

    Defendants.

MEMORANDUM AND ORDER

This motion is before the court on the Motion to Unseal of the defendant-petitioners William Leonard Pickard and Clyde Apperson, who were convicted of conspiring to manufacture and distribute lysergic acid diethylamide (LSD). The general facts of the case have been repeatedly addressed in subsequent proceedings, which addressed both defendants' original conviction and appeals, *see United States v. Pickard*, 2004 WL 3186232 (D. Kan. 2004) (denying motion for new trial), *aff'd*, *United States v. Apperson*, 153 Fed.Appx. 507 (10th Cir. 2005) (denying appeal predicated on voir dire issue), *cert. denied*, 126 S.Ct. 1666 (2006); *United States v. Apperson*, 441 F.3d 1162 (10th Cir. 2006) (denying appeal on other grounds), *cert. denied*, 127 S.Ct. 1024 (2007), as well as their actions for post-conviction relief. *See United States v. Pickard*, 2009 WL 939050 (D. Kan. Jan. 24, 2011), *appeal dism'd*,

*United States v. Pickard*, 396 Fed. Appx. 568 (10th Cir. 2010) (denying certificates of appealability), *cert. denied*, 131 S.Ct. 1530 (2011), *United States v. Pickard*, 445 Fed.Appx. 61 (10th Cir. 2011) (same); *United States v. Pickard*, 2011 WL 231546 (D. Kan. May 9, 2012), *In re Pickard*, 681 F.3d 1201, 1203-04 (10th Cir. 2012) (denying certificates of appealability on all issues, except as to one issue remanded to district court); *United States v. Pickard*, 2012 WL 1658899 (D. Kan. May 9, 2012), *rev'd, United States v. Pickard*, 733 F.3d 1297 (10th Cir. 2013).[1]

As a result, the matter is before the court as to the defendants' Rule 60(b) motion claiming that the government committed a fraud on the court during the § 2255 claims. Specifically, Pickard and Apperson allege this court's denial of their request for disclosure of other agencies involvement in the criminal investigation was predicated on the government's false representation that "no agency other than the DEA participated" in that investigation. 681 F.3d at 1207. Consistent with the Court of Appeals ruling, the burden of demonstrating this fraud is defined by Rule 60(b), and the defendants must show that this "false statement ... improperly forestalled discovery in the § 2255 proceedings." *Id.*

Pickard and Apperson sought the unsealing of the DEA record of informant Gordon

---

[1] In separate proceedings, the Ninth Circuit has determined that Skinner's participation in the trial constituted sufficient "official confirm[ation]" of his status such that his informant records are not excluded by 5 U.S.C. § 552(c)(2) of the Freedom of Information Act. *Pickard v. Department of Justice*, 653 F.3d 782 (9th Cir. 201). At the same time, however, the Ninth Circuit, "[t]his is not to say that the DEA is now required to disclose any of the particular information requested by Pickard." 653 F.3d at 788. The court held simply that the government could not refuse to confirm or deny the existence of such records, and that it must "take the next step," and produce an index of materials coupled with a specific rationale for exemption from disclosure. *Id.*

Todd Skinner. The district court denied the motion. In its most recent opinion, the Court of Appeals found that the court erred in effectively placing the burden of unsealing the record on the defendants. 733 F.3d at 1304. The Court of Appeals remanded the matter to this court for further review, and Skinner's record is presumptively subject to disclosure. To prevent disclosure, the government must articulate a compelling reason for maintaining the seal, and demonstrate such interest cannot be protected through redaction. 733 F.3d at 1307.

"[T]he district court, in exercising its discretion" regarding access to judicial records, "must 'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *Pickard*, 733 F.3d at 1302 (citing *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir.2011)). Following the opinion issued by the Tenth Circuit, the court directed the parties to submit additional briefing on the issue of unsealing the DEA record.

The government posits that the need for effective law enforcement would be undercut by the motion to unseal, since investigative files "[o]ftentimes [contain] an informant's personal information, personal information of investigative subjects or uninvolved third parties, law enforcement methods or techniques, or other sensitive information," the disclosure of which might "jeopardize ongoing or future investigations." (Dkt. 749, at 9-10). The government also notes the dangerous deterrent effect of routine disclosure of criminal files, by effectively discouraging informants or witnesses from cooperating with the government. (*Id*. at 10). Thus, unsealing the records "would open witnesses and law enforcement personnel named in those records to physical attacks,

3

threats, harassment, or retaliation." (*Id*. at 11). Finally, the governments contends that these government interests strongly outweigh the public's interest in a specific criminal investigative file. Courts have recognized that the public interest in an investigative file is very limited. *See Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002) (generalized claim of government misconduct was not a public interest supporting disclosure of investigative records), *vacated and remanded on other grounds*, 541 U.S. 970 (2004), *judgment reinstated,* 378 F.3d 1115 (D.C. Cir. 2004).

The court finds that the defendants' motion should be granted, at least in part. That is, while the government has shown a strong and compelling interest in the generalized confidentiality of criminal investigative records, it has failed to make any specific showing in this case that these interests cannot be vindicated by selective redaction. In its Order remanding the matter, the Tenth Circuit expressly noted that since "some of the information in the DEA documents ha[ve] already been made public ... [t]he circumstances ... would appear conducive to redaction." 733 F.3d at 1305.

Here, the government has not affirmatively demonstrated the existence of any informants or confidential witness other than Skinner. Neither has the government affirmatively represented that Skinner's DEA file (now apparently a decade old) would imperil any actual ongoing criminal investigations.

The government shall produce a copy of the DEA file to counsel for the defendants on or before March 14, 2014. However, the government is authorized to selectively redact from the materials produced (a) the identity or personal information of informants other

4

than Skinner; (b) the identity or personal information of other witnesses or law enforcement officers, other than those who testified at trial; (c) evidence which would specifically reveal any heretofore unknown criminal investigatory technique; or (d) evidence relating to any ongoing criminal investigation. To the extent the government seeks redaction, it shall produce to the court *in camera* both redacted and unredacted copies of the file, together with an itemized justification for each redaction. The defendant's Motion to Unseal (Dkt. 657) is hereby granted as provided herein.

In light of this Order, the defendants' Motion to Produce (Dkt. 743) is denied as moot.

Following the production of the DEA file, and to the extent such information may augment their grounds for relief as asserted in their existing Rule 60(b) motion on the issue of fraud during the § 2255 proceeding (Dkt. 637, 639) and the post-remand supplementation by the parties (Dkt. 723, 724, 725, 727, 729, 730, 731, 733), the defendants may supplement their earlier pleadings on or before March 28, 2014.

The government may file a Response to such pleading on or before April 11, 2014. In addition, the government shall by the same date file a Response to the defendants' separate Rule 60 motion (Dkt. 732) asserting fraud subsequent to remand.

IT IS SO ORDERED this 26th day February, 2014.

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE