IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America

        Plaintiff,

        vs.                       Case No. 00-40104-01, -02-JTM

William Leonard Pickard
    and Clyde Apperson,

        Defendants.

MEMORANDUM AND ORDER

Defendants William Leonard Pickard and Clyde Apperson were convicted of conspiracy to manufacture lysergic acid diethylamide (LSD) in violation of 21 U.S.C. §§ 841(a)(1)(A), (b)(1))A), and 846, and possession of LSD with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The government's case against Pickard and Apperson was supported by an accomplice and DEA confidential informant (CI), Gordon Todd Skinner. As a part of the continuing challenge to their convictions, the defendants seek the unsealing of Skinner's CI file compiled by the DEA. During the trial of the action, the court ordered the government to give a copy of the CI file to the defense. A copy of the file was also submitted to the court, which was placed under seal.

In the present action, the defendants seek the unsealing of the CI file held by the court, asserting a common-law right of access to the document as a judicial record. Simultaneously, the defendants have undertaken Freedom of Information Act (FOIA) litigation in other courts, seeking to obtain other documents held by the DEA regarding Skinner.[1] The court denied the request, finding that the defendants had failed to show any substantial need for the document. *United States v. Pickard*, No. 00-40104-01/02-RDR, 2012 WL 1658899, *3 (D. Kan. May 9, 2012). The Tenth Circuit subsequently concluded that the burden was on the government to show why the matter should remain under seal.

On remand, the court authorized the unsealing of portions of the CI file which had become public information. The court determined that the government had met its burden for withholding other documents in the CI file, which it catalogued by reference to a *Vaughn* index which it had also submitted in response to a FOIA action commenced by defendants in California. *See Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973).

On appeal, the Tenth Circuit determined that a more particularized determination was required for withholding production, and that the summary of Skinner's CI file submitted by the government was insufficient to permit such a review. *United States v. Apperson*, 642 Fed.Appx. 892 (10th Cir. 2016). In particular, the court noted that the *Vaughn* index accepted by this court was later found to be inadequate in

---

[1] The DEA file and Skinner's CI file substantially overlap, but there are some documents present in only one of the files.

the California FOIA action. *See Pickard v. Department of Justice*, No. 06-00185 CRB, 2014 WL 1868841 (N.D. Cal. May 7, 2014).[2]

Going forward, the government must show a significant interest which outweighs the presumption in favor of public access to judicial records. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The court must conduct a fact-specific analysis as to "particular documents or categories of documents in the CI file." 642 Fed.Appx. at 902. Moreover, "the asserted interests for sealing cannot be generic interests that would apply with equal force to every case. The government must articulate specific interests that apply in the context of *this* case, and the district court must balance those interests against the public's interest in access." *Id*. at 904.

Such a showing is consistent with requirements for particularity. *See* 642 F3d. Appx. at 903 (citing *Wiener v. FBI*, 943 F.2d 972, 987–88 (9th Cir.1991)). Further, the showing must address with particularity documents in the CI file which are already in the public domain. *See* 642 Fed.Appx. at 901 (noting "high salience" of the issue).

The matter immediately before the court is the defendants' Motion Regarding Unsealed Document (Dkt. 784), which asks that the court docket the Risk Assessment as a separate pleading. The defendants assert that this is required "so experts and other witnesses could examine [it] for indicia of inauthenticity and unreliability." (*Id*. at 1).

---

[2] A second effort by the government was also deemed inadequate. *Pickard v. Department of Justice*, No. 06-00185 CRB, 2015 WL 926183 (N.D. Cal. February 19, 2015). The government ultimately produced an acceptable *Vaughn* index which addressed the court's requirement for specificity. *Pickard v. Department of Justice*, No. 06-00185 CRB, Dkt. 222 (N.D. Cal. Aug. 27, 2015). In the present action, the Tenth Circuit observed that "[t]he government would be wise to demonstrate a similar willingness here to offer a particularized justification for its efforts to keep the CI file documents sealed." 642 Fed. Appx. at 904.

The defendants claim that "evidence exists that the 'Risk Assessment' may be inauthentic and unreliable." (*Id*. at 2).³ The defendants argue that the issue must be addressed before the court addresses the production of the remainder of the CI file:

> Defendant[s] observe that the issue of inauthenticity of the "Risk Assessment" should be resolved prior to any substantive analysis by this Court in response to the Tenth Circuit's decision, for improprieties in the conduct of law enforcement strongly influence the public interest factor of the analysis and may be determinative.

(Dkt. 778 at 3. *See also* Dkt. 786 at 5).

The government opposes the motion on the grounds that the Risk Assessment has been previously unsealed, and is available to the defendants for review. The defendants acknowledge the document is unsealed and in the public domain. (Dkt. 763, at 7, Dkt. 784, at 2). The government further notes that the defendants have failed to provide any to evidence of supposed inauthenticity.

In their reply, the defendants argue the Risk Assessment is suspicious because it references a DEA procedure (Agents Manual Section 6612.13) for risk assessment that was not formally adopted while Skinner was actively informing on them, citing submissions made in Arizona FOIA litigation. *Pickard v. Department of Justice*, 11-cv-00443-DCB (D. Ariz.). They also assert that the DEA generally engaged in a pattern of falsifying documents, citing to the decision of the Tenth Circuit resolving their direct appeal, *United States v. Apperson*, 441 F.3d 1162, 1207 (10th Cir. 2006), citing an instance

---

³ In addition to the present motion, defendants previously moved to docket the unsealed Risk Assessment while their appeal of the court's Order regarding Skinner's DEA file was pending. (Dkt. 778). The court deferred any ruling on the motion during the pendency of the appeal.

4

in which a computer file was deleted as "prompting the Court to conclude 'this is perhaps the most serious instance of government misconduct.'"

The court finds no necessity for placement of the Risk Assessment on the court's docket. The document itself is not inherently suspicious. The Risk Assessment does not indicate when it was produced, other than to indicate that at some point it was faxed to the United States Attorneys Office in Topeka, Kansas, on March 4, 2003. The Arizona court determined that "DEA Agents Manual Section 6612.13 was first included in the Manual and became effective on June 28, 2001." *Pickard v. Department of Justice*, 11-00443-DCB, Dkt. 133 at 8 (D. Ariz. Aug. 6, 2013). The court further concluded that "there is no question that … the agents did in fact do a risk assessment." *Id*. at 12.

Similarly, the defendants' claim of DEA falsification of evidence, based upon the Tenth Circuit's 2006 opinion in their direct appeal, is misleading. The quoted language attributed to the Tenth Circuit was actually the trial court's rejection of Pickard's motion to dismiss the indictment on the grounds that an address book taken from a seized computer was incomplete. The trial court observed merely that the omission was "perhaps the most serious example of government misconduct *because all of the others noted by the defendant either do not constitute any type of improper conduct or are so trivial as to be of little consequence*." 441 F.3d at 1207. The trial court made no finding of any intentional misconduct by the DEA, and found that because a complete copy of the address book was produced to the jury, no prejudice resulted to the defendants. The Tenth Circuit agreed. *Id*. at 1208.

In sum, the court finds no basis for finding that the Risk Assessment is likely inauthentic or that the matter warrants additional delay. The court rejects the defendants' suggestion that the validity of the Risk Assessment should precede resolution of their request to obtain Skinner's CI file.[4] The court will determine which portions of the CI file should be unsealed by subsequent order.

If the government wishes to keep the remainder of the CI file under seal, it should make the required showing on or before April 3, 2017. Such showing must be accompanied by a summary of the CI file which will permit the court to determine, by particular document or class of document, (1) the governmental interest in supporting retention, (2) the relative public interest in its product, (3) the extent that the document may already be in the public domain, and (4) the ability to protect the governmental interest by redaction.

---

[4] Defendants also argue that the Skinner Risk Assessment should be placed on the docket so that they may obtain certified copies, which they could then submit in their FOIA actions to rebut potential government contentions that copies of the Risk Assessment lack authenticity. Those actions, however, appear to have been concluded. After finding the third government *Vaughn* index satisfactory, the Northern District of California concluded that the government could properly withhold Skinner's name, the information he supplied but later publicly disclosed, and his DEA drug informant number. *Pickard v. Department of Justice*, No. 06-00185 CRB, Dkt. 268 (D. Ariz. Nov. 15, 2016). Recently, the court determined that Pickard had no right to obtain any other information in the DEA file, and directed judgment against him. *Id*. at Dkt. 273 (Ariz. Feb. 13, 2017).

IT IS ACCORDINGLY ORDERED this 3rd day of March, 2017, that the defendants' Motions to Unseal the Risk Assessment (Dkt. 778, 784) are hereby denied.

                                                                                        s/ J. Thomas Marten  
                                                                                        Chief United States District Judge