IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
        Plaintiff,

        vs.                                          No. 00-40104-01, 02-JTM

WILLIAM LEONARD PICKARD and
CLYDE APPERSON,
                Defendants.



MEMORANDUM AND ORDER



By prior order, the court denied defendants' motion alleging government misconduct in the course of the extensive collateral proceedings following their convictions, but granted their request, under the common law right of access to judicial records, to unseal a confidential informant file which had been filed with the court. The court granted the government's request to stay the unsealing of the file. Both parties appealed from the decision of the court.

The government's appeal was dismissed after the government served notice that it intended to provide a copy of DEA file for the informant, Thomas Skinner. In this court, the government then submitted a Motion for Order (Dkt. 826), asking that the court recognize that materials supplied to the court and the defendants satisfies the earlier direction to unseal the file. The stay previously entered by the court remains in place.

The matter is now before the court on this motion, as well as a recent Motion for Order (Dkt. 828), which states that in the ongoing appeal the Tenth Circuit has inquired of the government as to "any effort it has made to ask the district court to lift its stay of the unsealing order and decide the government's Motion for Order." (Dkt. 828, at 4). Based on this directive, the government states that "it is necessary for the court to enter orders addressing and resolving the government's pending motion." (*Id*. at 4-5).

The defendants respond by observing that, while the Tenth Circuit inquired about the issue, it did not mandate any lifting of the stay. (Dkt. 827, at 2). Defendants argue this court "is precluded from acting on the Government's motion until return of the mandate," and thus "[t]he proceeding is not properly before the District Court." (*Id*.) Subsequently, however, defendants suggest that the court does have jurisdiction over the government's motion—and should deny it—because the "dismissal of the Government appeal expressly acted as the mandate, and returned the matter to the status quo in the District Court." (*Id*. at 6).

Given the dismissal of the government's appeal in Case No. 17-3267, the court finds that it has jurisdiction to determine whether the government is, or is not, in compliance with its order of November 16, 2017. The Tenth Circuit's Order dismissed the case, which "eliminates the cross-appeal aspect" as to the remaining appeals. (Dkt. 825). Expeditious resolution of the government's motion may assist in the Tenth Circuit's treatment of the government's request, in the remaining two appeals, to supplement the record with a copy of the unredacted, sealed Skinner file. Further, the issues in the

remaining appeals by defendants do not appear to substantially overlap with those surrounding the Skinner CI file. Indeed, in generally rejecting any need for the government to supplement the record on appeal by providing a copy of the Skinner file, the defendants themselves observe that the Tenth Circuit's Order of December 7, 2018 "suggest[s] its irrelevance to the issues on appeal." (Dkt. 827, at 3).

The government's prior Notice of Intent to Comply (Dkt. 823), filed immediately before the Motion for Order Recognizing Compliance, indicated that it would provide the full Skinner DEA file, with certain redactions "as required by Rule 49.1, and with respect to non-content law enforcement identifiers and indexing information, which are 'procedures for law enforcement investigation.'" (Dkt. 823, at 2 (quoting *Skinner v. U.S. Dep't of Justice*, 893 F. Supp. 2d 109, 114 (D.D.C. 2012), *aff'd sub nom. Skinner v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 12-5319, 2013 WL 3367431 (D.C. Cir. May 31, 2013)). The government then indicated that planned to redact the following information from the DEA file:

  a. the last four digits of the social-security number and taxpayer-identification number;
  b. the year of the individual's birth;
  c. the minor's initials;
  d. the last four digits of the financial-account number;
  e. the city and state of the home address;
  f. NADDIS, NCIC and III numbers;
  g. Confidential Source (CS) numbers;
  h. DEA Program codes;
  i. G-DEP identifiers;

     j.   File Title (except where Pickard, a.k.a William Harlow is the File Title);

     k.   DEA and other agency file numbers;

     l.   The identity of an undercover Special Agent, Task Force Officer, other law enforcement officers, or sources of information;

     m.  Sensitive investigative techniques, policies, or procedures; and

     n.  The nomenclature of DEA technical equipment.

*Id*. at 3.

The next day, Defendants filed objections to the proposed redactions (Dkt. 824), while the Tenth Circuit dismissed the appeal of this court's November 16, 2017 order. (Dkt. 825).

The government then obtained a copy of Skinner's file from the DEA, and provided copies by FedEx to the chambers of the undersigned and to counsel for the defendants. Arguing that the redacted file was noncompliant with the orders of the court, counsel refused to receive the file and returned it to the government. (Dkt. 827, at 3).

The government then filed its Motion for Order, seeking a determination that it was in compliance with the court's November 16, 2017 Order. "Alternatively," the government submitted, "if the court finds that the government is not in full compliance … it is respectfully requested that the court clarify the deficiencies in the government's disclosures and the movant shall cure same forthwith." (Dkt. 826, at 2-3). The same day, defendants filed a response and opposition to the government's motion. (Dkt. 827).

The court finds that the government's redacted Skinner file is not in full compliance with the Order of the court. The *Skinner* case cited in the government's earlier

Notice was a Freedom of Information Act (FOIA) action by Skinner in which he attempted to obtain access to government records, which included information as to "an ongoing criminal law enforcement operation; a brief profile of the subject of this communication, including his involvement, habits and level of threat; subject tracking; and actions to be taken by law enforcement agents stationed at check points if subjects are encountered." 806 F.Supp.2d at 115 (citing record).

The court held that FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), precluded the production of records, as it might reveal "techniques and procedures for law enforcement investigations or prosecutions." The court stressed that the protection of law enforcement information was given "categorical protection under Exemption 7(E)," and that "D.C. Circuit precedent 'sets a relatively low bar,'" for application of the exemption. *Id*. at 116 (quoting *Blackwell v. Fed. Bureau of Investigation*, 646 F.3d 37, 42 (D.C.Cir.2011).

As noted in this court's prior Order, a right of access claim under FOIA is not the same thing as a common law right of access to judicial records. *See United States v. Pickard*, 2017 WL 5499410, *3 (D. Kan. Nov. 6, 2017). As the court further stressed, the burden is on the government to show, with reference to particularized facts within the DEA file, the grounds for withholding the information by referencing

> (1) the governmental interest in supporting retention, (2) the relative public interest in its product, (3) the extent that the document may already be in the public domain, and (4) the ability to protect the governmental interest by redaction.

*Id*. at *2. The court ordered production of the file after finding that the government provided meaningful argument only as to the fourth factor, which it concluded was

5

insufficient. With respect to the third factor, the court observed that the affidavit submitted by the government "wholly fails to address the possibility of particularized redactions," while noting that the Tenth Circuit has repeatedly acknowledged that such redactions might be justified. *See United States v. Pickard*, 733 F.3d 1297, 1304 (10th Cir. 2013) ("[t]he circumstances presented here would appear conducive to redaction"); *United States v. Apperson*, 642 Fed.Appx. 892, 894 (10th Cir. 2016) (court may withhold information when the "[government's] interest would be adequately served by selectively redacting the documents").

Again, the burden of justifying particularized redactions does not fall on the court; it is for the government to show the appropriateness of excising specific facts. It made no attempt to do so prior to the court's Order of November 16, 2017, and now has unilaterally redacted fourteen types of information from the file.

Besides its reference to a single FOIA case, which is not controlling here, the only grounds offered for these redactions is Fed.R.Crim.Pr. 49.1, which provides privacy protections for information held by the court. Specifically, Subsection (a) for Rule 49.1 prohibits the submission of information containing a person's full birthdate, social security number, financial-account number, home address or a minor's full name.

The defendants suggest that *any* redactions in the Skinner file are unjustified. They note that under Rules 49.1(b)(5), and 49.1(d), the court can order such information included within a sealed document. The defendants also argue that redaction is not required under Rule 49.1(b)(7), which provides for the submission of personal

information if the filing "is related to a criminal matter or investigation … prepared before the filing of a criminal charge or is not filed as part of any docketed criminal case."

The court finds that cited portions of Rule 49.1 do not require rejecting all the redactions proposed by the government. Under Rules 49.1(b)(5) and (d), the court may require the submission of personal information under seal, but when such information is unsealed, the court is permitted ("may") to unseal the document, "or order … a redacted version for the public record."

Rule 49.1(b)(7) recognizes that in criminal cases a court can require the submission of some personal information which is otherwise prohibited. Nonetheless, the Rule generally recognizes the important privacy interests of persons who may tangentially be referenced in court documents.

Further, courts routinely guard such private information, and the defendants have failed to point to any particularized need for information such a social security numbers or financial account numbers. *See, e.g., Tech v. United States*, 284 F.R.D. 192, 202 (M.D. Pa. 2012) ("[f]ederal courts have been reluctant to require production of social security numbers given the sensitive nature of this private identifying information") (citing cases).

The court hereby finds that the government may redact from the Skinner DEA file information so as to show (1) only the first five digits of any social-security number and taxpayer-identification number; (2) the month and day of an individual's birth; (3) a minor's initials; (4) all but the last four digits of a credit card or financial-account number, and (5) the street address of an individual's home. Such information is protected for

strong privacy reasons and is not overcome by a general common law right of access to judicial records by defendants.

However, the remaining redactions—those identified as (f) through (n) in the government's Notice (Dkt. 823)—are not consistent with the court's prior Order, at least in light of the record now before the court.

The court has repeatedly stressed the strong presumption of public access, and that it is the *government's* burden to show, *with particularity*, the need to protect information. Merely generic assertions of a governmental interest are insufficient. (Dkt. 801, at 3-5). In its prior Order, the court considered and rejected the government's proffer of a generic affidavit which was based on "generic recitations." (*Id.*)

Certainly, the *type* of information cited by the government *might* justify redaction in a given case. G-DEP and NADDS codes, for example, "provide sensitive information about individuals who cooperated with the DEA under a promise of confidentiality," and "there is no significant public interest in the disclosure of such identifying information." *Gonzalez v. ATF*, 2005 WL 3201009, *7 (D.D.C. Nov. 9, 2005) (citations omitted). The "release of such sensitive, detailed codes of current activities could place the lives of undercover DEA agents in extreme peril." *Barkett v. U.S. Dep't of Justice*, 1989 WL 930993, at *1 (D.D.C. July 18, 1989).

> The court is not unsympathetic to these concerns, and indeed explicitly referenced them in initially denying defendants' request for the full Skinner file. *See* [*United States v.*] *Pickard*, 2014 WL 789202 at *2 [(D. Kan. 2014)] ("the government has shown a strong and compelling interest in the generalized confidentiality of criminal investigative records"). However, as

noted by the Tenth Circuit, in the case of resolving a common law right of access to judicial records, the retention of the file under seal cannot be supported by evidence applying generally to "this class of cases." [*United States v. Apperson,*] 642 Fed.Appx. [892,] 900 [(2016)]. Instead, "the asserted interests for sealing cannot be generic interests that would apply with equal force to every case," and "[t]he government must articulate specific interests that apply in the context of this case, and the district court must balance those interests against the public's interest in access." *Id.* at 904 (emphasis in original).

The evidence supplied by the government does not meet this standard. The affidavit does not address the Skinner case in particular, but instead offers concerns by the DEA which, however valid from a theoretical standard, would be applicable to this class of cases generally. The hypothetical injury caused by the release of G-DEP or NADDIS numbers wholly fails to take account of the passage of time. Skinner was deactivated as a DEA source in 2003, and the affidavit makes no attempt to show that there are ongoing investigations related to the Skinner information which might be compromised by a release of the criminal codings which are now some two decades old.

*United States v. Pickard*, No. 00-40104-01, 2017 WL 5499410, at *5 (D. Kan. Nov. 16, 2017),

*appeal dismissed*, No. 17-3267, 2018 WL 3045338 (10th Cir. May 24, 2018).

In 2017, the government offered unsatisfactory, generic evidence for a possible law enforcement interest to support unspecified, hypothetical redactions to the Skinner file. In 2018, its Notice (Dkt. 823) and Motion (Dkt. 826), the government at last offers specific redactions—but without any accompanying evidence at all.

The court hereby grants the government's Motion for an Order (Dkt. 828) resolving its earlier motion. As to that Motion for Order Recognizing Compliance (Dkt. 826) the court denies the motion for the reasons provided herein. The court has previously stayed the effect of its unsealing Order (Dkt. 803), and this stay remains in effect.

IT IS SO ORDERED this day of December, 2018.


s/ J. Thomas Marten
J. Thomas Marten, Judge