IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                     No. 00-40104-01, 02-JTM

WILLIAM LEONARD PICKARD and
CLYDE APPERSON,
    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the government's Motion for Order (Dkt. 840), which seeks a determination that the redacted version of the Skinner DEA file submitted to the court on January 16, 2018 complies with the court's original Order of disclosure (Dkt. 801), as well as the more recent directives as to the scope of permissible redactions. (Dkt. 832, 835, 839). The defendants argue the motion should not be granted for three reasons. (Dkt. 841, at 1-2). First, defendants argue no action should be taken now because of the stay previously entered by the court. Second, they argue the matter should not be resolved prior to issuance of the mandate in the remaining appeals. And third, they submit the court should defer a ruling because the case may be subject to alternative resolution, either by additional negotiations between the parties or by a petition for relief under the First Step Act.

The court finds none of the defendants' proffered rationales support a delay on ruling on the government's motion. The court's original Order of November 17, 2017 (Dkt. 803) stayed the unsealing of the Skinner Confidential Informant file, which was physically received by the court on March 4, 2003 (Dkt. 283), and which is identified by label as Government Exhibit 913. The court has subsequently recognized the continuing effect of the stay (*see e.g.*, Dkt. 839, at 2 (the court "reiterate[s] that the stay previously entered remains in effect"), but it has never *expanded* it beyond the issue of whether to unseal the entire, raw, unredacted document that is Exhibit 913. Nothing in the stay prohibits the government from submitting a redacted version of the Skinner file, or precludes the court from determining that the submission is consistent with the court's orders. Indeed, the court has already rejected defendants' argument. In its order of December 11, 2018, the court observed that while the 2017 stay "remains in effect," (Dkt. 832 at 10), the court "has jurisdiction to determine whether the government is, or is not, in compliance with its order of November 16, 2017" by submitting a redacted version of the file. (*Id*. at 2).

The same Order also rejects defendants' contention that resolution of the issue of compliance should await the resolution of their remaining appeals. (*Id*. at 2-3). To the contrary, the court concluded that resolving the issue of compliance could assist in the resolution of the appeals.

Finally, an alternative resolution the case, through negotiation or application of the First Step Act, is at present simply hypothetical, and supplies no reason for failing to

2

resolve the government's present motion. This is especially true where—beyond the argument for delay—the defendants' response (Dkt. 841) offers no substantive argument on the merits against the proposed redactions beyond what they have already presented to the court. Given the court's express preference for the "[e]xpeditious resolution of the government's motion" as to compliance (Dkt. 832, at 2), the court finds the government's present motion can and should be granted at the present time.

The court has reviewed the redacted informant file submitted by the government, and finds that it complies with the orders of the court.

IT IS ACCORDINGLY ORDERED this day of January, 2019 that the government's Motion for Order (Dkt. 840) is hereby granted.


        <u>s/ J. Thomas Marten</u>
        J. Thomas Marten, Judge